**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  16-cv-5551 |
| | ) | |
| NORFOLK SOUTHERN RAILWAY | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF REMOVAL**

NOW COMES the Defendant, Norfolk Southern Railway Company ("Norfolk Southern"), by and through its attorneys, Mary Louise Kandyba and John Stiglich, Wilson Elser Moskowitz Edelman & Dicker, LLP, and for its Notice of Removal in this case, states as follows:

1.      Norfolk Southern was named as a defendant in a lawsuit filed on April 4, 2016 in the Circuit Court of Cook County, Illinois, captioned as *James Taylor v. Norfolk Southern Railway Company*, Case No. 2016 L 65020. Norfolk Southern was served on April 26, 2016.

2.      The Complaint purports to state claims for personal injury against Norfolk Southern under both the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51-60, and the common law of the State of Illinois on a negligence theory.  The affidavit of Plaintiff's counsel submitted to the Circuit Court of Cook County at the time of filing states that Plaintiff is seeking damages in excess of $100,000.00 in this action.  A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit A.

3.      This Notice of Removal is timely filed within 30 days of the date on which Norfolk Southern was served with Plaintiff's Complaint. 28 U.S.C. § 1446(b).

4.      According to the Complaint, Plaintiff is a resident and citizen of Cook County, Illinois. Ex. A, ¶ 1.  Norfolk Southern is a common carrier by rail engaged in interstate commerce and transportation. Norfolk Southern is incorporated in the Commonwealth of Virginia, and has its principal place of business in the Commonwealth of Virginia. *See* Affidavit of Ron Alderman, attached hereto as Exhibit B. Therefore, removal is appropriate based upon diversity of citizenship. *See* 28 U.S.C. § 1332(c)(1); § 1441(b).

5.      Cook County, Illinois lies within the Northern District of Illinois, and thus, this Court is the appropriate venue for removal. 28 U.S.C. §§ 1441(a) and 1446. Pursuant to 28 U.S.C. § 1446(d), Norfolk Southern has served a copy of the Notice of Removal on Plaintiff, and has filed a copy of the Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois.

6.      Under 28 U.S.C. § 1445(a), removal of a FELA action is prohibited.  However, the facts of this case demonstrate that there exists no reasonable basis in fact or in law to support a claim by Plaintiff against Norfolk Southern under the FELA.

7.      The FELA specifically covers only individuals who have an employment relationship with the railroad.  The statute provides in pertinent part:

> Every common carrier by railroad while engaging in commerce …shall be liable in damages to any person suffering injury *while he is employed by such carrier* in such commerce…..for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier.

> 45 U.S.C. § 51 (Emphasis added.)

In order for Plaintiff to recover under the FELA, therefore, he must first show that he was an employee of the railroad, or, if not a direct employee, either a borrowed servant, dual servant or employee of a subservant of the railroad.  Mere agency will not suffice.  *Kelley v. Southern Pacific Co.*, 419 U.S. 318 (1974).

8.     Although Plaintiff alleges in Count I that his injury occurred while he was employed by Norfolk Southern, that claim is factually untrue.  At the time of the incident alleged, and for a long time prior thereto, Plaintiff was an employee in fact of ITS Terminals and Logistics, LLC.  See, Affidavit of Michael Bath, attached hereto as Exhibit C.  Plaintiff was not an employee of Norfolk Southern.  Nor has Plaintiff ever been employed by Norfolk Southern's parent company or subsidiary companies.  Ex. A, ¶ 4; Ex. B, ¶¶ 4-5.

9.     Plaintiff invokes the FELA based on the factual allegation that, at the time of his injury, he had been "called over to a meeting by a NS employee".  Ex. A, ¶ 6.  The Seventh Circuit has explicitly stated that "a claim does not arise under FELA merely because the Plaintiff names that statute in his Complaint and omits (accidentally or by design) the claim's true source." *Hammond v. Terminal Railroad Association of St. Louis*, 848 F.2d 95, 97 (1988).  "(N)either crafty wording of a complaint nor frivolous invocation of FELA bar removal." *Bunnell v. Union Pacific Railroad Co.*, Case No. 07-CV-0686, 2007 U.S. LEXIS 193161, *4 (S.D. Ill. Dec. 19, 2007) (citing *Hammond*, 848 F.2d at 98).

10.     Plaintiff's contention that he was a "joint employee" of ITS and Norfolk Southern has no factual basis in the Complaint.  Ex. A., ¶ 5.  Defendant respectfully submits that being called over to a meeting by a Norfolk Southern employee does not make Plaintiff an employee of Norfolk Southern for purposes of the FELA.  The balance of Plaintiff's Complaint consists only of conclusions of law, unsupported by any facts pled.

11.     Under the FELA, a non-employee of a railroad cannot invoke the protection of the FELA unless the railroad had control over the plaintiff in the performance of his duties.  *Kelley v. Southern Pacific Co.*, 419 U.S. 318 (1974). Where the evidence fails to show that a railroad

directly controlled the plaintiff in the detailed performance of his work, a FELA claim cannot stand. *Larson v. CSX Transp.. Inc.*, 359 Ill. App. 3d, 830, 834 (1st Dist. 2005).

12.     In this case, Plaintiff never worked for Norfolk Southern and was not working for Norfolk Southern at the time of the incident in question.  Rather, he was an employee of ITS. Ex. C, ¶¶ 8, 12, 24-25.   See also, Ex. B, ¶¶ 4-5. Norfolk Southern did not control the work being performed by Plaintiff at the time of the incident.  Nor did Norfolk Southern have the right to control Plaintiff's work. Norfolk Southern did not have any supervisory role over the means and manner of Plaintiff's job performance.  It did not have the right to discharge Plaintiff and it did not furnish Plaintiff with the tools or equipment required to perform his work. Ex. C, ¶¶ 6, 12, 14, 18-19, 23-25.

13.     At the time of the occurrence, and for a long time prior to the occurrence, Plaintiff was an employee of ITS working as an Operations Manager.  He was injured while located on property leased by ITS for its terminal service operations.  Although Plaintiff's Complaint alleges that Plaintiff was struck by a vehicle operated by a Norfolk Southern employee, that claim is also factually untrue.  Instead, Plaintiff was struck by a chassis, owned by non-party TRAC, which was being transported by a hostler truck that was owned and maintained by ITS, and driven by a chassis mechanic employed by ITS.  Ex. C, ¶¶  8, 24-25.

14.     Additionally, since the date of Plaintiff's injury, Plaintiff has been receiving compensation from ITS in accordance with the provisions of the Illinois Workers' Compensation Act, 820 ILCS 305.  Under Section 8 of the Act, ITS has paid all medical expenses incurred by Plaintiff, and has paid TTD to Plaintiff.  See, Affidavit of Paul Kleppetsch, attached hereto as Exhibit D.

15.     Plaintiff was not a direct employee, a borrowed servant, a joint employee, or a dual servant of Norfolk Southern.  Nor was ITS a subservant of Norfolk Southern.  Rather, ITS is an independent company that operates nationally.  It is engaged in standardized intermodal operations involving many different railroads throughout North America.  Factually, Plaintiff's Complaint alleges nothing more than that he was called to a meeting by a NS employee at the time of his injury.  There are no other facts alleged sufficient to meet any of the tests of *Kelley*. Under these circumstances, Plaintiff simply is not entitled to the benefits of the FELA, and Defendant is entitled to remove this case based on diversity of citizenship.  There are no facts, other than that Plaintiff was employed by a company that had a contract with Norfolk Southern, that would establish the mandatory employment relationship necessary to invoke the protections of the FELA.  For all the foregoing reasons, removal is proper.

Respectfully Submitted,

**NORFOLK SOUTHERN RAILWAY COMPANY**

By: */s/* Mary Louise Kandyba _____
         One of its Attorneys

Mary Louise Kandyba
John C. Stiglich
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
55 West Monroe Street, Suite 3800
Chicago, Illinois 60603
(312) 704-0550
(312) 704-1522 fax
ml.kandyba@wilsonelser.com
john.stiglich@wilsonelser.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing was filed electronically with the Clerk of the United States District Court to be served by operation of the Court's electronic filing system upon the following:

George Brugess
Cogan & Power, P.C.
7300 W. College Drive, Suite 205
Palos Heights, IL  60463
708-671-8153
708-827-5514 *Fax*
gbrugess@coganpower.com
***Attorney for Plaintiff***

*/s/* Mary Louise Kandyba